UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven Wayne BONILLA,<br><br>       Plaintiff,<br><br>v.<br><br>IMPERIAL, SAN DIEGO, AND ALAMEDA COUNTY SUPERIOR COURTS,<br><br>       Defendants. | Case No.: 23-cv-2273-AGS-BGS<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEE** |

  Plaintiff Steven Bonilla is a state prisoner representing himself in this civil-rights action under 42 U.S.C. § 1983. (*See* ECF 1.) Because he has not paid the required filing fees or moved to proceed without prepaying them, this case must be dismissed.

  All parties instituting a civil action in U.S. district court must generally prepay filing fees. *See* 28 U.S.C. § 1914(a). In non-habeas cases, the total fee is $405, consisting of a $350 statutory fee and a $55 administrative fee. *See id.*; Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2023). If a plaintiff is granted leave to proceed in forma pauperis, however, the administrative fee is waived and the case may proceed "without prepayment of [statutory] fees." 28 U.S.C. § 1915(a); *see Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Yet a prisoner granted IFP status remains obligated to pay the statutory filing fee in "increments." *See Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015); 28 U.S.C. § 1915(b)(1) & (2).

  Bonilla has not prepaid the $405 in required fees, nor has he moved to proceed IFP. Therefore, his case cannot proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

  Accordingly, this action is **DISMISSED** without prejudice. By **February 23, 2024**, Bonilla may either (a) prepay the entire $405 filing and administrative fee in full; or (b) file a motion to proceed IFP that includes a certified copy of his trust account statement for the

six-month period preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2(b).

The Clerk of Court is directed to close this case. The Clerk must send Bonilla a copy of this order along with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If Bonilla pays the fees or files a motion to proceed IFP by the deadline, the Clerk will reopen the case. If Bonilla has done neither by the deadline, the Clerk will issue a judgment by March 8, 2024.

Bonilla is cautioned that if he chooses to proceed, his complaint will be screened before service. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). Regardless of whether he pays the fee or is granted IFP status, the case may be subject to post-screening dismissal. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (discussing IFP screening); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing screening of all prisoner complaints "seeking redress from a governmental entity").

Dated:  January 9, 2024

Andrew G. Schopler
United States District Judge